|  | AUSA: Susan E. Fairchild | Telephone: (313) 226-9577 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: Joseph Camaj | Telephone: (313) 568-0649 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| United States of America | |
|---|---|
| v. | Case: 2:23–mj–30495 |
| Alberto MARTINEZ-RESENDIZ | Assigned To : Unassigned |
| | Assign. Date : 12/18/2023 |
| | CMP: USA v MARTINEZ–RESENDIZ (MAW) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 13, 2023__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a),(b)(1) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about December 13, 2023, in the Eastern District of Michigan, Southern Division, Alberto MARTINEZ-RESENDIZ, an alien from Mexico, who had previously been convicted of a felony offense, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about December 9, 2020, at or near Brownsville Texas and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326 (a), (b)(1).

☑ Continued on the attached sheet.

_Complainant's signature_

Joseph Camaj; Deportation Officer
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __December 18, 2023__

_Judge's signature_

City and state: __Detroit, MI__       Elizabeth Stafford, United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Joseph Camaj, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security, having served with ICE as a Deportation Officer since July of 2007. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases. I have also reviewed relevant immigration records relating to Alberto MARTINEZ-RESENDIZ, which reveal the following:

2. MARTINEZ-RESENDIZ is a forty-one-year-old citizen and native of Mexico who last entered the United States on an unknown date, at an unknown place, without inspection by the U.S. Department of Homeland Security.

3. On May 7, 2002, MARTINEZ-RESENDIZ was given a voluntary return to Mexico from Hidalgo, Texas.

4. On March 7, 2005, MARTINEZ-RESENDIZ was given a voluntary return to Mexico from Hidalgo, Texas.

5. On May 23, 2013, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as an expedited removal, and removed to Mexico on June 4, 2013, from Laredo, Texas.

6. On May 24, 2013, MARTINEZ-RESENDIZ was prosecuted in the United States District Court for the Southern District of Texas, Laredo Division, for Unlawful Entry, in violation of 8 USC §1325(a)(1). MARTINEZ-RESENDIZ is sentenced to 15 days' confinement, with a special condition not to return to the U.S. illegally or commit any other violation of federal and/or state laws. A $10.00 special assessment is imposed.

7. On March 2, 2014, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as a reinstatement, and removed to Mexico on March 3, 2014, from Hidalgo, Texas.

1

8. On May 6, 2014, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as a reinstatement, and removed to Mexico on May 7, 2014, from Brownsville, Texas.

9. On October 4, 2015, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as a reinstatement, and removed to Mexico on March 17, 2016, from Brownsville, Texas.

10. On February 8, 2016, MARTINEZ-RESENDIZ was prosecuted in the United States District Court for the Eastern District of Michigan, for Unlawful Re-Entry Following Removal from the United States, in violation of 8 USC §1326. MARTINEZ-RESENDIZ was sentenced to time served with supervised release until deported.

11. On May 19, 2019, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as a reinstatement, and removed to Mexico on September 16, 2019, from Brownsville, Texas.

12. On May 20, 2019, MARTINEZ-RESENDIZ was prosecuted in the United States District Court for the Southern District of Texas, Laredo Division, for Unlawful Entry into the United States, in violation of 8 USC §1325(a)(1). He was sentenced to 75 days' confinement.

13. On June 13, 2020, MARTINEZ-RESENDIZ was encountered by Border Patrol, processed as a reinstatement, and removed to Mexico on December 9, 2020, from Brownsville, Texas.

14. On November 16, 2020, MARTINEZ-RESENDIZ was prosecuted in the United States District Court for the Southern District of Texas, for Unlawful Re-Entry Following Removal, in violation of 8 USC §1326(a) and §1326(b). He was sentenced to 6 months' confinement.

15. On December 13, 2023, officers assigned to Field Operations traveled to a specific residence in Pontiac, MI, in search of a targeted criminal alien. After arriving at the residence, officers observed a male matching the description of the targeted suspect enter a white Dodge Ram pick-up truck parked in front of the residence with three other adults. Officers initiated a vehicle stop. The driver freely admitted his identity and his illegal immigration status. The front seat passenger was taken into custody. MARTINEZ-RESENDIZ was the rear seat driver's side passenger and was also taken into custody. MARTINEZ-

2

RESENDIZ was transported to the Detroit Field Office for processing. ICE/FBI systems check revealed a positive fingerprint match for Alberto MARTINEZ-RESENDIZ, DOB: XX/XX/1982, AXXX XXX 829, a previously removed non-citizen.

16. The aforementioned detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any non-citizen entering or attempting to enter the United States, or any non-citizen present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of non-citizens.

17. On or about December 13, 2023, ICE Officers reviewed immigration file records and Department of Homeland Security electronic records, which revealed that MARTINEZ-RESENDIZ, did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

18. Based on the above information, I believe there is probable cause to conclude that Alberto MARTINEZ RESENDIZ, is a non-citizen, who had previously been convicted of a felony offense and who was found in or reentered the United States after deportation or removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security, all in violation of Title 8, United States

3

Code, Section 1326(a), (b)(1).

                                                    Joseph Camaj, Deportation Officer
                                                    Immigration and Customs Enforcement

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Elizabeth Stafford
United States Magistrate Judge

4